IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELVIN TODD RELIFORD                                                                            PLAINTIFF

V.                                      CIVIL NO. 4:11-cv-04047

SGT. C. FINCHER; and
LT. MELSON                                                                                      DEFENDANTS


### MEMORANDUM OPINION

This is a civil rights action filed by Plaintiff, Melvin Reliford, pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

Currently before the Court is Defendants' Motion for Summary Judgment (ECF No. 13); Brief in Support of Motion for Summary Judgment (ECF No. 14); and Statement of Facts (ECF No. 15).  Plaintiff filed a Response to the Motion For Summary Judgment utilizing a questionnaire from the Court.  ECF No. 23.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 10.  Pursuant to this authority, the Court finds this Motion is ready for decision and issues this Order.

**I.      BACKGROUND**

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Hempstead County Detention Center ("HCDC").  Plaintiff is now incarcerated in the Arkansas Department of Corrections, Wrightsville Unit in Wrightsville, Arkansas.  Plaintiff filed the instant Complaint on May 24, 2011.  ECF No. 1.  In his Complaint, Plaintiff claims his constitutional

rights were violated (1) when two medical request regarding his right leg were ignored (ECF No. 1, p. 4); (2) when Defendant Melson pepper sprayed him and shut his hand in his cell door (ECF No. 1, p. 4); and (3) when Defendant Fincher shot him in the chest with the taser gun (ECF No. 1, p. 4). Plaintiff did not indicate in his Complaint whether he intended to sue Defendants in their individual or official capacities.

     Plaintiff attached a May 16, 2011 Inmate Complaint Sheet to his Complaint. In this sheet, Plaintiff stated he previously filed two medical request for care on his right leg but did not receive a response. ECF No. 1, p. 7. Plaintiff also stated the nurses and jail staff ignored him about his leg pain. ECF No. 1, p. 7. Finally, Plaintiff stated his leg is infected, hurts and makes it hard for him to sleep and move around, and the "infection gets all over [his] clothes and on [his] sheets on the matt." ECF No. 1, p. 7.

     Regarding Plaintiff's claims of excessive force against Defendants Melson and Fincher, Plaintiff specifically alleges: (1) Melson pepper sprayed him twice and one of the sprays occurred while Plaintiff's cell door was closed (ECF No. 1, pp. 5); (2) Fincher shot him with the taser in his chest (ECF No. 1, p. 5); (3) after the pepper spray and taser "they" put Plaintiff in the holding cell and never checked on him (ECF No. 1, p. 5); (4) when Plaintiff woke up from his seizure he was in the holding cell floor with no one around him (ECF No. 1, p. 5); and (5) no one would take pictures of Plaintiff's taser marks on his chest (ECF No. 1, p. 5). Plaintiff also attached a May 17, 2011 Inmate Request Form to his Complaint regarding the excessive force claim. ECF No. 1, p. 6. In this form, Plaintiff stated Melson pepper sprayed him on May 16, 2011 while his cell door was closed. Plaintiff then slapped Melson. Melson then opened Plaintiff's cell door, shut Plaintiff's hand in the door, and then sprayed plaintiff a second time with the pepper spray. ECF

No. 1, p. 6.  Plaintiff also stated in this Form that Fincher shot him with the taser gun "for nothing."  ECF No. 1, p. 6.

## II.   LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.   DISCUSSION

In their Motion for Summary Judgment and Brief in Support, Defendants argue: (1) Plaintiff failed to allege a custom or policy of Hempstead County which resulted in a violation of his constitutional rights; (2) Defendants Melson and Fincher's actions in pepper spraying and tasing

Plaintiff were objectively reasonable in light of the facts and circumstances confronting them; (3) Plaintiff failed to show Defendants Melson and Fincher were personally aware of any serious medical need of Plaintiff's; and (4) Plaintiff failed to show the delay in his medical care caused any detrimental effect to his prognosis.

Defendants first argue Plaintiff failed to state a policy or custom of Hempstead County violated his constitutional rights, and therefore, failed to state an official capacity claim. Plaintiff did not indicate in his Complaint in what capacity he was suing Defendants.

"If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [the Court must] interpret the complaint as including only official capacity claims." *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 219 (8th Cir. 1995); *see also Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989). As is typically the Court's practice, the Court attempted to provide the Plaintiff with an opportunity to clarify what capacity he intended to sue Defendants in the Questionnaire it propounded to aide Plaintiff in responding to the instant Motion. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (*pro se* pleadings should be liberally construed and held to less stringent standards when facing a motion for summary judgment). The Court asked the following question:

> Under section 1983, Defendants may be sued in their individual or official capacities. An official capacity claim is the equivalent of a claim against the entity for whom the Defendants work and requires a showing of a county policy or practice. An individual capacity claim is against the Defendants personally. Did you intend to sue the Defendants in their official capacities, individual capacities, or both?

ECF No. 23, p. 22. Plaintiff responded that he was suing Defendants in their official capacities only. ECF No. 23, p. 22. Therefore, having given Plaintiff the opportunity to clarify his intended capacity, the Court will analyze Plaintiff's claims as official capacity claims only. For this reason, the Court need not address Defendants' argument regarding individual capacity claims.

4

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). Plaintiff failed to allege, in his Complaint, any policy or custom of Hempstead County that caused his constitutional rights to be violated. In his Response to the instant Motion, Plaintiff stated he contends a custom, policy, or practice of Hempstead County resulted in his constitutional rights being violated, but he did not allege any facts regarding this contended custom, policy, or practice. Plaintiff can not rely on mere allegations in the pleadings, but instead, and must set forth specific facts to raise a genuine issue for trial. *See Anderson,* 477 U.S. at 256; *Celotex Corp.,* 477 U.S. at 324. Further, "rigorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). Here, there is no summary judgment evidence on the record to support an official capacity claim against Defendants.

Moreover, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. See *Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, Hempstead County cannot be held liable based merely on the fact it employs Defendants. Therefore, Plaintiff's official capacity claims must fail as a matter of law.

As Plaintiff clearly stated he intended to bring official capacity claims only and these claims fail as a matter of law, Defendants' Motion for Summary Judgment will be granted and Plaintiff's claims dismissed.

### IV.    CONCLUSION

For the reasons stated above, Defendants' Motions for Summary Judgment (ECF No. 13) is hereby **GRANTED** and this case is dismissed with prejudice.

**IT IS SO ORDERED** this **19th day of March 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE